IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                            No. CIV-05-1170 MV/DJS
                                                                                   CR-97-420 HB

DANIEL NATHAN STARR,

       Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's response to the order entered April 5, 2007. In the order, the Court directed Defendant to show cause why his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should not be dismissed as untimely. Defendant's response asserts that he is actually factually innocent of the criminal charges for which he is incarcerated. He contends that his attorney's ineffective representation precluded the jury's consideration of his innocence. He also argues that delay alone does not bar his motion.[1]

       First, Defendant asserts that delay alone does not bar his motion. He bases this argument on case law predating enactment of the limitation period in § 2255. *See United States v. Gutierrez*, 839 F.2d 648, 650 (10th Cir. 1988). In 1996, Congress enacted a one-year limitation period for motions under § 2255. *See* § 2255. As a result, after a defendant's conviction becomes final, a delay of more than a year in filing under § 2255 may preclude consideration of the motion. *Cf. United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997). This argument provides Defendant no relief.

---

[1] Defendant makes an additional argument that his § 2255 motion is not a second or successive motion. This assertion, though correct, is irrelevant to the issue of timeliness. *See* § 2255; § 2244.

Defendant's substantive argument against applicability of the limitation period is that he is factually innocent of the charges against him. A claim of actual innocence is not necessarily barred by the limitation period in § 2255. *See United States v. Garcia*, 27 F. App'x 957, 959 (10th Cir. 2001). "To establish actual innocence, petitioner must demonstrate that, ' "in light of all the evidence," ' 'it is more likely than not that no reasonable juror would have convicted him.' " *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The applicability of the limitation period to Defendant's § 2255 motion is evaluated under these standards.

In his memorandum in support of the § 2255 motion (CV Doc. 7; CR Doc. 45), Defendant makes a number of allegations purporting to establish his actual innocence. He alleges that there was no established crime scene or physical evidence directly linking him to the offense, (Mem. at 11), no rape evidence was presented at trial, (Mem. at 12), and no sobriety test was administered to the victim. (Mem. at 13.) These allegations merely challenge the sufficiency of the evidence by which Defendant was convicted, *see Bousley*, 523 U.S. at 623, and therefore do not support a finding of factual innocence, *see id.*

Another basis of Defendant's innocence argument is that the victim of the criminal offense allegedly recanted. (Mem. at 13.) This allegation is analogous to a claim of newly discovered evidence in support of a motion for new trial. *See United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). The threshold requirement in this context is that "the evidence was discovered after trial." *Id.* (citing *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir.1992)); *and see United States v. Smith*, 997 F.2d 674, 682 n.6 (10th Cir. 1993) ("a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial."). Defendant

concedes in his memorandum that the alleged recantation occurred before trial, (Mem. at 24), and that both his mother and his aunt, as well as his own attorney, knew before trial that the victim was lying and had recanted. (Mem. at 24.) This evidence, therefore, "with reasonable diligence, could have been discovered and produced at trial," *see Smith*, 997 F.2d at 682 n.6, even though Defendant alleges that he did not learn of the recantation until later.

Because the alleged recanting could have been (and, in fact, was) discovered before trial, Defendant's allegations do not support a claim of actual innocence, particularly in a collateral proceeding. *See Smith*, 997 F.2d at 682 (affirming district court's rejection, without evidentiary hearing, of recantation argument in support of motion for new trial). Three people (including Defendant's attorney) could have testified about or proffered the alleged recantation, and thus Defendant has failed to show "that it is more likely than not that no reasonable juror would have convicted him in the light of the <u>new</u> evidence." *Schlup*, 513 U.S. at 328 (emphasis added). Defendant's allegations of innocence are insufficient to shield him from the statutory limitation period, and the Court will dismiss the § 2255 motion with prejudice as untimely.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 2; CR Doc. 41) filed December 27, 2005, is DISMISSED with prejudice as untimely filed; all other pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE